Edward C. Koeneman v. Commissioner.
Koeneman v. Commissioner
Docket No. 58178.
United States Tax Court
T.C. Memo 1958-186; 1958 Tax Ct. Memo LEXIS 38; 17 T.C.M. (CCH) 936; T.C.M. (RIA) 58186; October 24, 1958
*38 Held, that petitioner has not shown that his failure to file income tax returns for the years involved was due to reasonable cause and not due to willful neglect, within the meaning of section 291(a) of the 1939 Code. Imposition of additions to tax under said section for all years involved, approved. Held, further, that respondent has not established that any part of the deficiency for any of the years involved is due to fraud with intent to evade tax, within the meaning of section 293(b) of said Code. Imposition of additions to tax under said section, not approved. Sol S. Brown, Esq., 418 Olive Street, St. Louis, Mo., for the petitioner. Sylvan Siegler, Esq., for the respondent. PIERCE
*39 Memorandum Findings of Fact and Opinion PIERCE, Judge: Respondent determined deficiencies in respect of petitioner's income taxes, and also additions to tax, as follows: [1]
Additions to Tax
Sec. 294
Sec. 294
Year
Deficiency
Sec. 291(a)
Sec. 293(b)
(d)(1)(A)
(d)(2)
1947
$ 784.00
$119.20
$392.00
$ 47.68
$28.61
1948
556.00
68.60
278.00
27.44
16.46
1949
1,744.78
369.00
872.39
147.60
88.56
1950
1,311.48
257.22
655.74
102.88
61.73
1951
1,658.43
332.11
829.22
132.84
79.71
Petitioner did not contest any of the determined deficiencies; nor did he contest any of the additions to tax determined under sections 294(d)(1)(A) and 294(d)(2), *40 for failure to file declarations of estimated tax and for substantial underestimates of estimated tax. The issues remaining for decision are: (1) Whether petitioner's failure to make and file an income tax return for each of the years involved is "due to reasonable cause and not due to willful neglect," within the meaning of section 291(a). (2) Whether any part of the undisputed deficiency for each of the years involved is "due to fraud with intent to evade tax," within the meaning of section 293(b). (3) If it is determined that any part of any deficiency is due to fraud: (A) Whether additions to tax under section 293(b) may be imposed concurrently with additions to tax under section 291(a); and (B) whether any additions to tax under section 293(b) should be computed on the total deficiencies, without reduction for the amounts of tax collected at the source by withholdings from petitioner's salary. Findings of Fact Several of the facts have been stipulated. The stipulation, together with the exhibits thereto attached, is incorporated herein by reference. Petitioner, during all taxable years involved, was married, and lived with his wife in University City, Missouri. He *41 graduated in 1922 from the City College of Law in St. Louis, with the degree of Bachelor of Laws; and in 1923 he received from the same school, a Master of Laws degree. He was admitted to the bar of the State of Missouri in 1922; and in 1945 he was admitted to practice before the United States District Court in St. Louis. Also during the years involved, he held a so-called Treasury card which entitled him to handle matters before the Bureau of Internal Revenue. Following petitioner's admission to the bar, he engaged off and on in the practice of law, with various interruptions. From 1926 until 1930, he worked for the St. Louis Police Department. From 1943 to 1945, he was employed as an investigator for the Office of Price Administration. During the year 1946 and throughout all taxable years here involved, he was employed by a St. Louis law firm, under an arrangement whereby he received a salary of $1,800 per year, the use of an office and secretarial help, and also portions of fees from his own legal business. The amounts of his income for the several years here involved, and also the amounts of his income tax liabilities, the amounts of tax withheld from his salary, and the balances *42 of tax remaining unpaid - all as stipulated by the parties - were as follows: Income
Income Tax
Withheld
from
Balance
Year
Gross
Net
Total Tax
Salary
Unpaid
1947
$ 6,858.85
$4,943.40 *
$ 784.00
$307.20
$ 476.80
1948
5,929.50
4,155.00 *
556.00
281.60
274.40
1949
11,389.95
8,733.61
1,744.78
268.80
1,475.98
1950
9,752.49
6,929.22
1,311.48
282.60
1,028.88
1951
10,499.34
7,474.76
1,658.43
330.00
1,328.43
Petitioner did not file any income tax return or any declaration of estimated tax for any of the above-mentioned years here involved. However, for each of the 5 preceding taxable years, he did file an income tax return, either individually or jointly with his wife. With regard to the withholdings made by petitioner's employer during the years involved, such employer filed for each of said years a Form W-2a information statement, which set forth the amount of petitioner's salary and the amount of tax withheld therefrom; and this employer also furnished petitioner with copies of Form W-2 statements which set forth the same information. In 1948 and 1949, petitioner *43 was one of the attorneys of record in an income tax matter pending before the Bureau of Internal Revenue, which was being handled by the law firm with which he was associated; and during said years, he and another attorney from said firm appeared at conferences respecting said case, which were had with a revenue agent. Petitioner alone did not discuss the technical problems involved therein. Except for the foregoing, there is no evidence respecting petitioner's employment or respecting the nature of his legal practice or activities, in any year. In October 1952, which was about 7 months after the due date for petitioner's 1951 return, a revenue agent undertook to contact petitioner regarding his accounts; and the agent then learned that petitioner, due to reasons of health, was at home most of the time. On a subsequent occasion when the agent attempted to contact petitioner at his office, he learned that petitioner was confined to a hospital. In January 1954, which was prior to the issuance of the notice of deficiency, petitioner appeared haggard and worn; he could not walk any considerable distance; and he could not remain in activity for any appreciable length of time. He was not *44 personally present at the trial before this Court. During the first months of 1953, the revenue agent had several conferences with an accountant whom petitioner had engaged to represent him; and later he had conferences with petitioner at his home. During these conferences the agent requested, and received, data and information respecting petitioner's income and expenses for the years involved. Such data included: Cancelled checks and bank statements; handwritten sheets which showed the names of petitioner's clients and the amounts of his income for all years involved; a bound journal or ledger showing the accounts with certain clients for 1947 and part of 1948; detailed information showing the dates on which fees were received from clients in all years; and also information which showed whether the fees had been received by check or in cash. The agent checked the accuracy of this information by sending letters to the listed clients; and he found that the same was substantially correct - although there were minor adjustments resulting from the fact that a few additional items were discovered which petitioner immediately acknowledged, and that some of the fees shown on petitioner's *45 list were found to have been overstated by him. The information so supplied by petitioner thereafter provided the basis for determining the amounts of the undisputed deficiencies here involved. The revenue agent, during the course of his investigation, received full cooperation from petitioner and his accountant. There was no indication of any attempt by petitioner to falsify his records, or to mislead, or to conceal his income during the course of said investigation. In March 1954, petitioner pleaded guilty to an Information filed in the United States District Court in St. Louis, which charged him with a misdemeanor for not making income tax returns for the years 1950 and 1951, in violation of section 145(a) of the 1939 Code. On the basis of such plea, petitioner was fined $500 for each of said years, and was sentenced to confinement for 6 months, which the court after consideration of certain evidence in mitigation recommended be served in the United States Medical Center at Springfield, Missouri. Respondent, in his notice of deficiency, computed the additions to tax under section 293(b) at 50 per cent of the total deficiency for each year, without reduction for the amounts *46 of taxes which had been withheld at the source from petitioner's salary. Petitioner's failure to make and file an income tax return for each of the years involved was not shown to be "due to reasonable cause and not due to willful neglect," within the meaning of section 291(a). No part of the deficiency for any of the years involved is "due to fraud with intent to evade tax," within the meaning of section 293(b). Opinion 1. Additions to Tax for Failure to File Returns. - Petitioner did not file a return for any of the years here involved, notwithstanding that the amount of his gross income for each of said years was in excess of the amount for which a return was required under the relevant statute and regulations. See section 51 and Regs. 111, sec. 29.51-2(b) and (c). The respondent accordingly determined that petitioner was liable for additions to tax under section 291(a). [2] Petitioner has the burden to show error in the respondent's determination. *47 Petitioner argues that his acceptance of his employer's practice of withholding tax at the source on the salary paid to petitioner and of reporting to the collector of internal revenue both the salary paid to petitioner and the tax withheld therefrom, without his (petitioner's) making any claim for refund of said withheld taxes, "was tantamount to * * * filing timely tax returns for the taxable years in question." This argument is without merit. The withholding statements were not returns required by law. They were not made or filed by petitioner; did not contain any declaration made or verified by him that the same were made under penalties of perjury; were not made on any of the forms prescribed by the applicable Treasury Regulations; and did not purport to set forth all of the items of petitioner's gross income, or his deductions and credits. Nor does the evidence show that petitioner's failure to file returns was due to reasonable cause and not due to willful neglect, within the meaning of section 291(a). For failure of petitioner to show error in respondent's determination regarding these additions to tax, the respondent is sustained. 2. Additions to Tax for Fraud. - Respondent *48 determined that petitioner was liable for additions to tax for fraud, under section 293(b), for each of the years involved. The respondent has the burden of proof with respect to this issue. Section 1112. He must show by clear and convincing evidence that some part of the deficiency for each of the years was due to fraud with intent to evade tax. . The respondent has not, in our opinion, successfully borne his burden of proof. To sustain respondent on the record made with respect to this issue, would require us to hold that the bare failure of an attorney possessing some knowledge of the requirements of Federal tax law to file returns, amounts to fraud with intent to evade tax on the part of such an attorney. This we are unwilling to do. Fraud implies bad faith, intentional wrongdoing, and a sinister motive. ; . Fraud may of course be proved by circumstantial evidence; but the circumstances presented by the record in the instant case are not clear and convincing evidence that petitioner wore any of the above-mentioned badges of fraud, *49 or that he harbored the requisite specific intent to evade a tax believed to be owing. The respondent's imposition of additions to tax for fraud is disapproved. 3. In view of our holding on the second issue, it is unnecessary for us to consider or pass upon the remaining issues, which have to do with the concurrent imposition of additions to tax under sections 291(a) and 293(b), and with the computation of additions to tax under section 293(b). Decision will be entered under Rule 50. Footnotes
1. All section references are to the Internal Revenue Code of 1939, as amended.↩
*. Adjusted gross income.↩
2. SEC. 291. FAILURE TO FILE RETURN. (a) In case of any failure to make and file return * * *, within the time prescribed by law * * *, unless it is shown that such failure is due to reasonable cause and not due to willful neglect, there shall be added to the tax [certain percentages of the tax herein specified] * * *.↩